UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARON R. SHAW,

    Plaintiff,

v.                                  Case No. 2:22-cv-658-JES-KCD

WILLIAM MORAN, BRITTANY C.
LIVINGSTON, DON T. HALL, AND
STATE OF FLORIDA,

    Defendants.
_____

**ORDER OF DISMISSAL**

    Plaintiff Aaron R. Shaw ("Plaintiff"), a resident of the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida, filed a 42 U.S.C. § 1983 complaint alleging misconduct by the prosecutor, his public defender, and the judge during his state criminal trial in Desoto County, Florida. (Doc. 1).  His amended complaint is presently before the Court. (Doc. 6).

    Because Plaintiff proceeds in forma pauperis (Doc. 8), the Court reviews the amended complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  For the reasons given below, the Court dismisses this action without leave to amend.

**I.  Complaint**

    Plaintiff asserts that, during his November 20, 2017 criminal trial for battery on an FCCC employee, he was represented by public

defender Defendant Brittany C. Livingston. (Doc. 6 at 5). Defendant Livingston requested that Defendant Judge Don Hall not require Plaintiff to wear a stun belt during trial due to Plaintiff's mental health concerns. (Id.) Assistant State Attorney Defendant William Moran objected to Defendant Livingston's request on the ground that use of the stun belt was normal procedure. (Id. at 6). Defendant Hall told Plaintiff that he could either wear the stun belt or sit outside the courtroom and listen to the trial. (Id.) Plaintiff asserts that Defendant Hall "did not make any defendant-specific findings on the record sufficient to justify the use of the stun-belt," and "Defendant Livingston stood mute during the trial, doing nothing about the abuse of the judicial process." (Id. at 7-8). Because he refused to wear the stun belt, Plaintiff was not in the courtroom during the testimony of six of the seven state witnesses. (Id.) The jury found Plaintiff guilty as charged. (Doc. 6 at 7). Defendant Hall sentenced him to five years in prison. (Id.)

On September 11, 2020, the Second District Court of Appeal reversed the conviction.[1] The appellate court determined that,

---

[1] Plaintiff attached portions of the state court docket, including the Second DCA's opinion, to his original complaint. (Doc. 1-1). He omitted these documents from his amended complaint. (Doc. 6). However, Plaintiff references the documents in the amended complaint, and it appears that the omission was unintentional. While the Court has reviewed (and references) the documents for context and clarity, the information contained therein was not necessary to reach the conclusions set forth in

2

although the use of restraints (in this case, the stun belt) was within the discretion of the trial court, the trial court erred when it did not give reasons for ordering the use of the belt. (Doc. 1-1 at 3-4). The appellate court noted that "it is certain that the trial court's unsupported insistence that Shaw wear a stun belt effectively deprived him of his right to be present during most of his trial." (Id. at 5). The appellate court concluded that the error was not harmless, reversed the conviction, and remanded for a new trial. (Id. at 8). The appellate court noted that "[sh]ould the trial court believe, in its discretion, that special restraints such as the stun belt are justified at Shaw's retrial, it must make express and specific findings on the record explaining that decision." (Id.) Instead of retrying the case, the State entered a notice of nolle prosequi on November 24, 2020. (Doc. 1-1 at 15.)

Plaintiff asserts that the "Defendants' insistence on the use of the stun-belt at trial imposed a substantial burden [on] Plaintiff's Constitutional rights. Plaintiff can't stress enough the device interfered with his right to consult with counsel and right to participate in his own defense." (Doc. 6 at 10). Plaintiff now seeks five million dollars in compensatory damages and punitive damages of $500,000 per defendant. (Id. at 10).

---

this Order.

## II.  Standard of Review

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e).  The mandatory language of 28 U.S.C. § 1915 applies to all proceedings in forma pauperis.[2]  Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
> (i)  is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact.

---

[2] Despite Plaintiffs' non-prisoner status, this complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)(B).  See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (recognizing that the district court did not err when it dismissed a complaint filed by a civil detainee for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (determining that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis).

Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).") That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

5

### III. Analysis

**A. Defendants Hall and Moran are immune from 42 U.S.C. § 1983 liability.**

Plaintiff asserts that Defendant Hall's ruling requiring him to wear a stun belt or leave the courtroom was both incorrect and unconstitutional. However, even though Defendant Hall was overturned on this ruling, "[j]udges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." McBrearty v. Koji, 348 F. App'x 437, 439 (11th Cir. 2009). Of note, "[a] judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." Id. (citation omitted). And "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991).

Here, Plaintiff does not allege that Defendant Hall was acting outside the scope of his judicial capacity or without jurisdiction when he concluded that Plaintiff needed to either wear a stun belt or sit outside the courtroom during his criminal trial. Rather, the appellate court found simply that Defendant Hall erred by failing to provide reasons for his decision. As a result, Defendant Hall is entitled to judicial immunity in this action, and all claims against him must be dismissed for failure to state

6

a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Likewise, Plaintiff's claims against State Attorney Moran must also be dismissed. Plaintiff's theory of relief against Defendant Moran is unclear but appears to be based upon Plaintiff's belief that Defendant Moran should not have objected to Defendant Livingston's request that Plaintiff be relieved of wearing a stun belt. Prosecutors, however, are immune from section 1983 liability where their alleged malfeasance stems from their "function as advocate." Jones v. Cannon, 174 F.3ds 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution." Id. See also Imbler v. Pachtman, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial). This immunity extends when, as here, a prosecutor's "acts [are] undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v Fitzsimmons, 509 U.S. 259, 273 (1993).

It is clear that Defendant Moran was acting in his role as a state advocate when he objected to Defendant Livingston's request that Plaintiff not be required to wear a stun belt. Therefore, the doctrine of prosecutorial immunity bars Plaintiff's claims

against Defendant Moran. All claims against this defendant must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**B. Defendant Livingston is not subject to suit under section 1983.**

Notwithstanding that Defendant Livingston advocated on Plaintiff's behalf and specifically moved that he not be forced to wear a stun belt at trial, Plaintiff attributes liability to her as a public defender—presumably because her motion was unsuccessful.

Section 1983 bars civil rights abuses committed by those acting under color of state law. 42 U.S.C. § 1983. However, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding that the public defender "did not act under 'color of state law' notwithstanding his appointment of counsel by a judicial officer"). Therefore, Defendant Livingston is not liable under section 1983 for any alleged civil rights violations stemming from her representation of Plaintiff at his criminal trial. All claims against Defendant Livingston must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

8

### C. The Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of Florida.

Other than naming the State of Florida as a defendant, Plaintiff does not explain how he believes the state is liable for damages under 42 U.S.C. § 1983. However, any claim for monetary damages against this defendant must be dismissed. Under the Eleventh Amendment,[3] states and state agencies cannot be sued for monetary damages in federal court without consent. Pennhurst State School & Hospital v. Halderman, 465 US. 89, 100 (1984). In other words, "if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim." Id. at 120. "This jurisdictional bar applies regardless of the nature of the relief sought" and regardless of whether a plaintiff's claims are brought under federal or state law. Id.

Florida has not consented to suit in federal court nor has it waived Florida's Eleventh Amendment immunity with respect to any of Plaintiff's claims. Therefore, all claims against the State of Florida must be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

---

[3] The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by citizens of another State, U.S. Const. amend XI, and (as interpreted) by its own citizens. Lapides v. Bd. of Regents of Univ. Sys. of Georgia, 535 U.S. 613, 618 (2002) (citing Hans v. Louisiana, 134 U.S. 1 (1890)).

### IV. Conclusion

Each defendant named in this order is either immune from suit or not a "state actor" under 42 U.S.C. § 1983. Therefore, all claims against these defendants are subject to dismissal. Because there are no remaining defendants, providing Plaintiff an opportunity to amend the complaint would be futile. See <u>Silberman v. Miami Dade Transit</u>, 927 F.3d 1123, 1133 (11th Cir. 2019) (recognizing that no leave to amend is required when doing so would be futile).

Accordingly, it is now **ORDERED**:

1. Plaintiffs' amended complaint (Doc. 6) is **DISMISSED** for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The **Clerk of Court** is directed to deny any pending motions as moot, close this case, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on November 30, 2022.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies to:   Aaron R. Shaw